Filed 8/23/24  P. v. Orta CA5

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FIFTH APPELLATE DISTRICT

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>    v.<br><br>JOSEPH G. ORTA,<br><br>    Defendant and Appellant. | F086230<br><br>(Super. Ct. No. DF016940A)<br><br><br>**OPINION** |

## THE COURT*

APPEAL from a judgment of the Superior Court of Kern County.  Michael G. Bush, Judge.

James S. Donnelly-Saalfield, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Michael P. Farrell, Assistant Attorney General, Kari Ricci Mueller and Darren K. Indermill, Deputy Attorneys General, for Plaintiff and Respondent.

-ooOoo-

---

\*       Before Levy, Acting P. J., Poochigian, J. and DeSantos, J.

Defendant Joseph G. Orta challenges the sentence imposed by the trial court following a jury trial. Defendant has not raised any issues from the jury trial itself. Following our review of the sentence imposed, we affirm.

## PROCEDURAL SUMMARY

On January 17, 2023, an information was filed charging defendant with being an inmate serving a life sentence who committed a malicious assault while using a deadly weapon (Pen. Code,[1] § 4500, a felony; count 1), being an inmate who committed an assault while using a deadly weapon (§ 4501, subd. (a), a felony; count 2), being an inmate who committed an assault by means likely to cause great bodily injury (§ 4501, subd. (b), a felony; count 3), and unlawfully possessing a weapon while an inmate (§ 4502, subd. (a), a felony; count 4). Attached to all counts were several enhancing allegations stating defendant had suffered prior convictions for serious felonies and was subject to the "Three Strikes" law (§§ 667, subds. (a), (c)–(j), 1170.12, subds. (a)–(e)). On March 28, 2023, after the jury trial had already begun, the information was amended to add additional enhancements to all four counts.

On March 17, 2023, following a hearing held pursuant to *People v. Marsden* (1970) 2 Cal.3d 118, defendant's request to be relieved of his trial counsel was granted and he was allowed to proceed to trial representing himself. Following a jury trial, defendant was found guilty of the crimes charged in counts 1, 2, and 4, but acquitted of the charge contained in count 3 on March 29, 2023. After the trial was completed, the prosecution sought and was granted the dismissal of three of the enhancing allegations. Defendant then admitted the remaining enhancements and the prior strike and serious felony allegations alleged in the amended information.

---

[1]     All further statutory references are to the Penal Code unless otherwise indicated.

When defendant was sentenced on April 26, 2023, he had already received sentences earlier in the month in two other cases that resulted in convictions.[2] The first case involved allegations that occurred in 2017 (trial court case No. MF012682A), while the second case involved allegations that occurred in 2019 (trial court case No. DF015517A). These prior cases were tried separately in March 2023. Defendant was sentenced in each case on April 11, 2023. (*Orta I*, *supra*, F086232.)

In this case, defendant was sentenced on April 26, 2023, to 27 years to life on count 1,[3] plus a consecutive determinate term of 10 years for two section 667, subdivision (a) enhancements. The full sentences for counts 2 and 4 were stayed pursuant to section 654. The trial court then stated that the sentence in this case would be served consecutively to the consecutive sentences handed down in the two prior cases referenced above. Moreover, all sentences were consecutive to the original sentence defendant was already serving when these three new cases were filed.

## FACTUAL SUMMARY

The charges brought in this case are related to an incident that occurred in February 2022, when defendant was an inmate at Kern Valley State Prison. According to eyewitness testimony, defendant attacked an inmate in a cell next to his own with an inmate manufactured weapon. The weapon defendant used was capable of inflicting great bodily injury. The victim received a laceration on his lip and a superficial cut on his neck. A nurse who worked in the prison and responded to the incident testified that the cut on the victim's neck was close to the carotid artery.

---

[2]　The combined appeal for those two cases has already been resolved by this court in *People v. Joseph Orta* (June 21, 2024, F086232) [nonpub. opn.] (*Orta I*). On this court's own motion, we take judicial notice of the opinion in this prior appeal and the record provided to this court for that appeal. (Evid. Code, §§ 452, subd. (d) & 459.)

[3]　The sentence of 27 years to life was calculated pursuant to section 667, subdivision (e)(2)(A)(i), and section 1170.12, subdivision (c)(2)(A)(ii), as three times the base term of nine years without the possibility of parole as specified in section 4500.

On defense, defendant presented evidence that when he was transferred to Kern Valley State Prison in February 2022, he had concerns for his safety because of gang members who were already in the prison. Defendant wore a homemade vest made with magazines before attacking the victim, who he believed could attack him. Defendant claimed he was proactively trying to protect himself and to send a message. In his testimony, defendant acknowledged the victim did not attack him first and that he stopped because he was concerned correctional officers might use pepper spray.

After the jury convicted defendant of the crimes alleged in counts 1, 2, and 4, the prosecution asked the court to dismiss three enhancing allegations contained in the amended information. Defendant then admitted the truth of the remaining enhancing allegations and the prior strike and serious felony allegations.

## DISCUSSION

### I. Defendant Challenges the Sentences for the Enhancements Under Section 1385

Again, defendant only challenges the sentence he received from the trial court, and raises no potential issues from the trial itself. We note, prior to his sentencing, defendant never filed a written motion or made any request orally asking the court to mitigate the sentence he was likely to receive. At sentencing, the trial court specifically asked defendant if there was anything he wanted considered before the sentence was issued. Defendant acknowledged the court's concerns but indicated he would not be submitting any challenge and in fact would wait for the appeal to raise any challenges to his sentence.

Defendant received a sentence of 27 years to life on count 1, plus a consecutive determinate term of 10 years for two section 667, subdivision (a) enhancements. The first enhancement was related to a murder conviction from 2010, while the second was for an assault with a deadly weapon from 2002. Any sentences for the remaining counts and enhancements were then stayed.

4.

### A. Applicable Law

When engaging in criminal sentencings after January 1, 2022, our Legislature in Senate Bill No. 81 (2021–2022 Reg. Sess.) (Stats. 2021, ch. 721, § 1) provides direction on how trial courts must exercise their discretion in deciding whether to dismiss sentencing enhancements. Section 1385, subdivision (c)(1) now provides that "the court shall dismiss an enhancement if it is in the furtherance of justice to do so," and subdivision (c)(2) states that "[i]n exercising its discretion under this subdivision, the court shall consider and afford great weight to evidence" of nine listed "mitigating circumstances," any one of which "weighs greatly in favor of dismissing the enhancement, unless the court finds that dismissal of the enhancement would endanger public safety." The nine listed "mitigating circumstances" include factors such as mental illness, prior victimization, childhood trauma, use of an inoperable or unloaded firearm, the defendant's status as a juvenile, and the use of a prior conviction that is over five years old. (§ 1385, subd. (c)(2)(A)–(I).)

Despite the use of what appears to be mandatory language in section 1385, case law has consistently held that a defendant can only preserve the ability to raise this issue on appeal by raising the issue first in the trial court prior to or at the time of sentencing. (See *People v. Carmony* (2004) 33 Cal.4th 367, 375.)

> "Under section 1385, a defendant 'ha[s] the right to "invite the court to exercise its power by an application to strike a count or allegation of an accusatory pleading" ….' [Citations.] However, 'any failure on the part of a defendant to invite the court to dismiss under section 1385 … waives or forfeits his right to raise the issue on appeal.' [Citation.] Defendant's claim is forfeited for failure to request that the trial court strike the enhancements under section 1385." (*People v. Coleman* (2024) 98 Cal.App.5th 709, 724.)

If the issue is preserved in the trial court, the issue would not be considered forfeited and would require an appellate court to review any decision to impose sentencing enhancements under an abuse of discretion standard. (*People v. Mendoza* (2023) 88 Cal.App.5th 287, 298.)

**B.     Application**

Again, defendant received a sentence of 27 years to life on count 1, plus a consecutive determinate term of 10 years for two section 667, subdivision (a) enhancements. Sentences for the remaining two counts and enhancements were stayed. No objections to this sentence were raised in the trial court before or when the sentence was imposed by the court, and additionally, the vast majority of the sentence was stayed pursuant to section 654. In his brief, defendant focuses on the fact that the total accumulated sentence he received was 104 years for the substantive crimes, and 33 years for all the enhancements imposed. However, the sentence defendant references is for all three separate cases defendant was sentenced to during April 2023. Our focus in this opinion is the sentence imposed on April 26, 2023, in case No. DF016940A.

Because the record contains no evidence defendant ever challenged the use of the sentencing enhancements under section 1385 in this case,[4] we believe defendant has forfeited the issue on appeal. In response, defendant cites section 1385, subdivision (c)(2)(B) and (C) for the proposition the failure to strike most if not all the sentencing enhancements resulted in an unauthorized sentence. On this basis, defendant thus contends an unauthorized sentence survives a claim of forfeiture or waiver. (See *People v. Anderson* (2020) 9 Cal.5th 946, 962.) However,

> "The unauthorized sentence doctrine is designed to provide relief from forfeiture for 'obvious legal errors at sentencing that are correctable without referring to factual findings in the record or remanding for further findings.' (*People v. Smith* [(2001)] 24 Cal.4th [849,] 852 [(Smith)].) It applies when the trial court has imposed a sentence that 'could not lawfully be imposed under any circumstance in the particular case.' " (*People v. Anderson*, *supra*, 9 Cal.5th at p. 962.)

---

[4]     Again, the trial court asked defendant if there was anything he wanted the court to consider before he was sentenced. Defendant brushed aside the question, stating he would simply raise any challenges on appeal.

The sentence imposed here is not an "unauthorized sentence." The trial court was not prohibited from imposing a sentence for each enhancement admitted by defendant, and possessed the ability to exercise discretion on this issue. Defendant had the ability to try to convince the court to strike one or more of the enhancements, which he specifically chose not to do at the time of sentencing. (See *Smith*, *supra*, 24 Cal.4th at p. 852.)

## II. Additional Claims Made by Defendant

In his opening brief, defendant suggests we should address the trial court's decision to impose the enhancements to his sentence in this case because he was representing himself, and also because of the split in the different appellate districts on the proper interpretation of section 1385. We reject this argument for two reasons. First, as noted above, no court has yet concluded that section 1385 claims do not need to be preserved in the trial court before being raised on appeal. The unresolved issue that was before our Supreme Court addressed only whether there was a rebuttable presumption that had to be overcome in the trial court before a challenged sentence enhancement could be imposed.[5] Therefore, because courts have the ability to exercise discretion in challenges brought pursuant to section 1385, defendant was required to first raise the issue in the trial court before challenging it on appeal. (*Smith*, *supra*, 24 Cal.4th at p. 852.)

Second, any suggestion defendant's decision to represent himself should provide a greater ability to raise issues not preserved in the trial court, must be rejected. Our review of the transcript of the *Marsden* hearing, which was held a little over a week before the start of the trial, revealed a significant breakdown in the attorney/client relationship that supported the court's dismissal of counsel. Additionally, a review of the

---

[5] The Supreme Court has just recently resolved this issue in *People v. Walker* (Aug. 15, 2024, S278309) ___ Cal.5th ___ [2024 Cal. LEXIS 4426]. The Supreme Court's opinion does not directly change our analysis or impact the issues addressed in this opinion.

trial transcript convinces us defendant's waiver was knowing, intelligent, and voluntary.[6] (*People v. Miranda* (2015) 236 Cal.App.4th 978, 987.) A defendant representing himself is " 'held to the same standard of knowledge of law and procedure as … an attorney .…' "[7] (*People v. Frederickson* (2020) 8 Cal.5th 963, 1000.) Defendant's failure to raise any challenges to the use of enhancements in his sentence resulted in a forfeiture of that issue on appeal.

Finally, defendant references the sentences in the two prior cases, suggesting enhancements in those cases could be addressed here. Any challenges to those sentences should have been addressed in the trial court at the time they were imposed and later when they were appealed.[8]

## DISPOSITION

The judgment is affirmed.

---

[6] While no formal written waiver pursuant to *Faretta v. California* (1975) 422 U.S. 806 appears in the record for this case, three such waivers were completed by defendant in the two cases recently reviewed by this court, demonstrating he had knowledge about the rights he was giving up. (*Orta I*, *supra*, F086232.)

[7] Furthermore, a review of the record further reveals defendant was made aware of the dangers and disadvantages of self-representation, and that he was able to express himself in court.

[8] It should be noted that even though defendant was represented by counsel at the time he was sentenced in those two earlier cases, no written or oral challenge appears to have been made asking the court to mitigate the sentence or strike any of the enhancements involved.